FILED
JUL 0 1 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Mag. Case No. '08 MJ 8591 |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | Title 8, U.S.C., Section 1326 |
| Raul VILLAVICENCIO-Burruel, | Deported Alien Found In the United States |
| Defendant. | |

The undersigned complainant being duly sworn states:

On or about April 8, 2008, within the Southern District of California, defendant Raul VILLAVICENCIO-Burruel, an alien, who previously had been excluded, deported and removed from the United States to Mexico was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States code, section 202(3) and (4), and (557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached Statement of Facts, which is incorporated herein by reference.

CHRISTOPHER SALGADO
Deportation Officer
Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 1ST DAY OF JULY 2008.

PETER C. LEWIS
U. S. MAGISTRATE JUDGE

(1)

UNITED STATES OF AMERICA
v.
Raul VILLAVICENCIO-Burruel

STATEMENT OF FACTS

The complainant states that this complaint is based upon the statements of the apprehending Immigration Enforcement Agent M. Mendez.

On April 8, 2008, the defendant, identified as Raul VILLAVICENCIO-Burrel (VILLAVICENCIO), was arrested in Calexico, CA by Border Patrol Agent Maskell, of the United States Border Patrol, for re-entry after deportation.

Further records checks revealed VILLAVICENCIO has a criminal history and an active bench warrant out of the San Bernardino County.

Immigration Enforcement Agent M. Mendez subsequently encountered the defendant in custody at the Calipatria State Prison and placed an immigration detainer on Form I-247.

On June 30, 2008, at approximately 10:00 a.m., the defendant was referred to the custody of United States Immigration and Customs Enforcement in Imperial, CA. Immigration Enforcement Agent R. Vargas arrested VILLAVICENCIO and transported him to the Imperial Office.

Record checks of VILLAVICENCIO revealed he was previously ordered deported to Mexico by an Immigration Judge on April 20, 2006. On May 2, 2006, VILLAVICENCIO was removed to Mexico via the San Yisdro, CA Port of Entry.

There is no evidence that VILLAVICENCIO ever sought or received permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, for permission to re-enter the United States.

Based upon the foregoing information, there is probable cause to believe that VILLAVICENCIO has illegally re-entered the

(2)

1 | United States after Deportation, in violation of Title 8 of the
2 | United States Code 1326, Deported Alien Found in the United
3 | States.